911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley RODGERS, Defendant-Appellant.
 No. 89-5233.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1990.
Decided Aug. 15, 1990.
As Amended Aug. 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-88-394-JH)
 David B. Irwin, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Katharine J. Armentrout, Assistant United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Stanley Rodgers entered a plea of guilty to conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 846. He was sentenced to imprisonment for a term of 135 months, which was at the lower end of the applicable range under the sentencing guidelines. He appeals his sentence and claims error by the district court (1) in failing to exclude from the sentencing guideline calculation the amount of heroin that he did not produce and was not reasonably capable of producing, (2) in sentencing him under the guideline which included a prior conviction of possession of marijuana, and (3) in failing to grant a downward departure from the sentencing guideline range because the criminal history category over-represented his criminal history.
 
 
 2
 The parties requested that we decide this appeal on the record and the briefs and without oral argument. We granted this motion because we found that the briefs and the record adequately presented the contentions and facts so that oral argument would not aid the decisional process. Finding no error in the sentence, we affirm.
 
 
 3
 * Rodgers was involved in a conspiracy to purchase five kilograms of heroin for distribution. He argues that he did not have and did not contribute any of the money necessary to make up the purchase price and that he was not in possession of the suitcase containing $248,000 in currency when he and his co-conspirator were arrested. He also claims that the currency was not sufficient to purchase five kilograms of heroin because the agreed upon price was $150,000 per kilo. Therefore, he claims error by the district judge in finding that this was a five kilogram deal and using the applicable base offense level of 34 under U.S. Sentencing Guideline Sec. 2D1.1, which provides a base level of 34 when there is more than three but less than ten kilograms of heroin involved.
 
 
 4
 The district court found that this was an anticipated five kilogram heroin purchase, and that although the $248,000 in the suitcase was not sufficient to pay the entire purchase price, this cash was in possession of Rodgers and his co-conspirator and was intended only as a down payment and not complete payment for the heroin. This finding is not clearly erroneous.
 
 
 5
 Under Sec. 2D1.4 the base offense level is determined as if the object of the conspiracy had been completed, and Note 1 to this section states that "the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." There is no merit to appellant's claims that he did not contribute any of the money to the purchase price or that he was reasonably incapable of completing the purchase. He entered his plea of guilty to conspiracy and under the most elementary principles of conspiracy, his liability extends to the acts of his co-conspirators, if such acts were reasonably foreseeable consequences of the conspiracy agreement. Pinkerton v. United States, 328 U.S. 640 (1945). These principles of conspiracy law are applicable to the sentencing process and to findings of fact made by the district court during sentencing.
 
 II
 
 6
 Appellant argues that the use of his possession of marijuana conviction to increase his criminal history by one point is a violation of the Eighth Amendment protection against cruel and unusual punishment because this additional point for such a minor offense subjected him to an additional 14 months of incarceration. There is no merit to this claim. Appellant is trying to make a proportionality argument, but this argument is without substance or legal foundation. Under Solem v. Helm, 463 U.S. 277 (1983), we are required to grant substantial deference to the broad authority that has been given to trial courts by the legislature in determining a proper sentence. Eighth Amendment attacks upon a sentence upon the ground that it is cruel and unusual punishment are rarely successful except in cases of capital punishment or life imprisonment without the possibility of parole. Rummel v. Estelle, 445 U.S. 263 (1980). The increase of the present sentence caused by the prior marijuana conviction does not approach a level of severity that would support a proportionality argument.
 
 III
 
 7
 Rodgers also claims that the district court erred in not making a downward departure from the guidelines, because his criminal history was over-represented at Level IV. He argues that the court should have reduced the criminal history to Level III. There is no merit to this claim. Level IV was proper because of offenses and activities committed by Rodgers and which are specifically set forth in the sentencing guidelines and used to establish the criminal offense level.
 
 
 8
 Rodgers' criminal history included the marijuana conviction previously mentioned, plus a 1983 conviction of conspiracy to distribute narcotics (see Sec. 4A1.1(a)), commission of the present offense while on parole (see Sec. 4A1.1(d)), and commission of the present offense less than two years after his release from confinement on the narcotics conspiracy conviction (see Sec. 4A1.1(e)). Since the criminal history level was properly computed, the refusal of the district court to make a downward departure is not appealable under our recent decision in United States v. Bayerle, 898 F.2d 28 (4th Cir.1990).
 
 
 9
 For the reasons stated above, the judgment of the district court is
 
 
 10
 AFFIRMED.